Judge Mills
delivered the opinion of the court.
This is a writ of error brought to reverse the judgment or order of the court below, so far as it excluded the successful party in that court, who is now the plaintiff in error, from recovering the costs of numerous witnesses, whom he had summoned, and who had deposed on the trial The direction of that court to tax but eleven witnesses at one term, and eight at another, was based on the 10th section of an act of assembly, which will be found in 2 Litt. 96. That section is in these words—“There shall not be allowed, in the bill of costs, the charge of more than three witnesses for the proof of any one particular fact.” But two modes of construction present themselves, which can be given to this section: First, that the “particular fact” mentioned, must mean one of the particular facts expressly put in issue by the pleadings; or, secondly, it must mean particular facts conducing to establish the point in issue, and which may arise collaterally to the issue, and present themselves as a legitimate and proper subject of enquiry. It is well observed in some of the books, that an issue must consist of a single point; but that point may involve many facts conducing to its establishment. Indeed it may, and frequently does, take a concatenation of facts to establish the point, on each of which three witnesses ought to be allowed. But in addition to these facts, many more may and do frequently arise, which have a bearing on the question, and this must be the case, while human reason, by proper process, can, and ought to infer from facts proved, other facts not proved expressly. Ought, then, a party to be excluded from proving such facts as these, or be subject to the payment of the costs if he does? Incidental and collateral questions will arise necessary to be enquired into. The justice of the case may be clear with them; without them if may be dubious or unattainable. To disallow the costs of the witnesses proving them, might frequently subvert the ends of justice, and cut off the means of attaining it. The court, then, cannot adopt the construction first recited, which the court below seems to have done, believing it too rigid, and they embrace the latter as better suited to the state of judicial investigation in the country, and conformable to the statute which declares that the law of costs shall *378 not be construed as penal laws. According to this construction, then, the true rule ought to be, that every fact which is pertinent to the issue, or which may be lawfully given in evidence on the trial, according to the settled principles of law, may not only be proved by three witnesses, but the cost of them may be allowed. But that when cases occur where a party shall want only call more than three witnesses to an isolated fact, without either of them knowing other facts pertinent to the issue, then the act will apply, and the taxation ought to be restrained against his antagonist.
Pope for plaintiff, Talbot contra.
Three witnessess should be allowed if called to assail the credit of an adversary witness.
Upon examining this case we find the evidence of each witness spread upon the record; and on comparing them together, it does not appear that more than any three were adduced to prove a particular fact, and that fact alone, but that some of them. in every instance, proved other facts admissible and proper. The court below seems to have adopted the construction that confined the operation of the act to the three facts that were directly in issue; to wit, the sale—the unsoundness of the article sold—and the knowledge of the defendant of that unsoundness—and that not more than three witnesses should be allowed to each of these facts. If this hypothesis is correct, only nine could have been allowed the plaintiff, and as many more to prove the contrary, to the defendant. But in the application of the rule, that court has departed from it, and allowed the charge for witnesses who discredited other witnesses, or supported their testimony.
The credit of a witness was not a point in issue directly; but was an incidental and proper enquiry frequently of vast importance. If the construction of the act embraced such, it ought consequently to embrace other incidental and proper facts, and witnesses to prove each, to the amount of three, ought to have been allowed. If more than three to prove one of these particular facts, and to prove that one alone, had been introduced, then, and not till then, would it have been proper to restrain the taxation.
The judgment, therefore, of the court below, so far as it restrained the taxation against the plaintiff, in that court, of the defendant’s witnesses, must be reversed with costs, and the cause remanded, with directions to enter the judgment according to this opinion